JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| BELL FUND VI LA PASADENA, LP, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | 2:20-cv-09670-CAS-AFMx |
| v. | |
| SAMANTHA PARKER, et al., | ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS |
| DEFENDANT(S) | |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____     _____
Date                                                         United States Magistrate Judge

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Legally and/or factually patently frivolous
- ☐ Other: _____
- ☒ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:
See attached proposed Order.

10/27/2020                                                  /s/ Alex MacKinnon
Date                                                         United States Magistrate Judge

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
    - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    - ☐ This case is hereby DISMISSED immediately.
    - ☒ This case is hereby REMANDED to state court.

October 27, 2020                                      /s/ Christina A. Snyder
Date                                                         United States District Judge

CV-73 (08/16)                          ORDER RE REQUEST TO PROCEED *IN FORMA PAUPERIS*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:20-cv-09670-CAS-AFMx**                                   Date:  October 27, 2020

Title       **Bell Fund VI LA Pasadena, LP v. Samantha Parker, et al.**

Present: The Honorable: Christina A. Snyder, U.S. District Judge

| Catherine M. Jeang | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**  (In Chambers)         **ORDER REMANDING MATTER TO STATE COURT**

Bell Fund VI LA Pasadena, LP ("Plaintiff") instituted unlawful detainer proceedings against Samantha Parker, Salma Parker Cooke and Does 1 to 10 ("Defendants") in state court. Defendants have allegedly continued in unlawful possession of the property located at 3330 E. Foothill Boulevard, #232, Pasadena, CA (the "Property") that is owned by Plaintiff. Defendants allegedly entered into an 11-month tenancy of the Property on September 3, 2019, with current rent at $2,669.00 per month. At the time of the 3-day notice to quit, the rent due by Defendants was allegedly $2,669.00. Plaintiff filed its unlawful detainer complaint in state court after Defendants failed to comply with the notice to quit. Defendants have remained in possession of the Property. Defendant Samantha Cooke removed the action to this Court on October 26, 2020. Plaintiff estimates the fair rental value of the property as $88.96 per day. Defendant Cooke asserts federal question jurisdiction in this Court based on alleged violations of a federal statute: Real Estate Settlement Procedures Act ("RESPA"). (Notice of Removal, pp. 2-4.) Diversity jurisdiction is not alleged.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). It is this Court's duty to always examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **2:20-cv-09670-CAS-AFMx**                                               Date: October 27, 2020

Title      **Bell Fund VI LA Pasadena, LP v. Samantha Parker, et al.**

      Subject matter jurisdiction exists over civil actions "arising under" federal law.  28 U.S.C. § 1331.  A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint."  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  There is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law.  *See Caterpillar, Inc.*, 482 U.S. at 392-93.  This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's Complaint.  Defendant's assertion of RESPA in the Notice of Removal is an apparent attempt to allege a counterclaim against Plaintiff based on a federal statute.  That, however, does not create federal question jurisdiction over a state law dispute and defendant has not met her burden of proving jurisdiction exists in this Court.  *See, e.g., HSBC Bank USA, N.A. v. Bryant*, 2009 WL 3787195, at n.2, *3 (S.D. Cal. Nov. 10, 2009) (remanding state court unlawful detainer action for lack of jurisdiction where RESPA alleged as counterclaim); *Prestige Homes, LLC v. Willis*, 2014 WL 295049, at *3 (E.D. Cal. Jan. 24, 2014) (same).

      Moreover, the notice of removal has not alleged diversity jurisdiction, and it is clear from the face of the Complaint that no diversity jurisdiction exists under 28 U.S.C. § 1332.  The amount demanded on the face of the Complaint is alleged not to exceed $10,000 – well below the statutory threshold of $75,000.  Defendant has made no plausible allegations showing how those damages would exceed $75,000.

      The Court thus REMANDS the action to state court forthwith and orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

cc:  Pro Se Defendant